IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02280-NYW-KAS

ALLISON STANTON,

     Plaintiff,

v.

NANCY SAUCEDA, Colorado Home Realty,
MINDY VASQUEZ, Guardian Title Agency,
RANDALL M. CHIN, Frappier & Weisserman LLP,
MICHAEL R. WESTERBERG, Arapahoe County Public Trustee, and
ELIZABETH BEEBE VOLZ, Judge,
GUARDIAN TITLE AGENCY, and
ROCKET MORTGAGE, Randall M. Chin, Attorney for Rocket Mortgage,

     Defendants.[1]

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

     This matter is before the Court on the **Second Motion for More Definite Statement** [#32],[2] filed by Defendants Mindy Vasquez ("Vasquez") and Guardian Title Agency; the **Joinder to Second Motion for More Definite Statement of Defendants Mindy Vasquez and Guardian Title Agency** [#38], filed by Defendant Nancy Sauceda ("Sauceda"); the **Motion to Dismiss** [#40], filed by Defendant Elizabeth Beebe Volz

_____

[1] As discussed in Section III.D., there is some confusion over who precisely is intended to be named as a defendant in this matter. The Court's naming here, and throughout this Recommendation, of certain individuals and entities is not intended to be dispositive of who is identified in the Amended Complaint [#24] as a defendant but, rather, is simply in line with the naming of defendants as currently listed on the electronic docket.

[2] "[#32]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Recommendation.

("Volz"); and the **Motion to Dismiss** [#44], filed by Defendant Michael Westerberg
("Westerberg"). Plaintiff, who proceeds as a pro se litigant,[3] filed Responses [#42, #47]
in opposition to the Motions [#32, #38, #40, #44], Defendants Volz and Westerberg filed
Replies [#46, #49], and Plaintiff filed what the Court construes to be a Surreply [#51] to
Defendant Westerberg's Reply [#49].[4] The Motions [#32, #38, #40, #44] have been
referred to the undersigned for a Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B),
Fed. R. Civ. P. 72(b)(1), and D.C.COLO.LCivR 72.1(c)(3). *See* [#33, #39, #43, #48]. The
Court has reviewed these briefs, the entire case file, and the applicable law. For the
reasons stated below, the Court **RECOMMENDS** that the Motions [#32, #38, #40, #44]
be **GRANTED** for the reasons outlined below.

## I. Background

This lawsuit was filed on August 19, 2024. *Compl.* [#1]. The Amended Complaint
[#24],[5] which was filed on September 19, 2024, is not a model of clarity. Plaintiff alleges
that, in February 2022, Defendant Randall M. Chin ("Chin"), an attorney for Defendant
Rocket Mortgage, served Plaintiff with foreclosure documents. *Am. Compl.* [#24] ¶ 9.
However, she states that, according to the Promissory note she had received from First
Franklin, "the debt in question had been converted into a payment as an instrument and

---

[3] The Court must construe liberally the filings of a pro se litigant. *See Haines v. Kerner*, 404 U.S.
519, 520-521 (1972). In doing so, the Court should neither be the pro se litigant's advocate nor
"supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory
on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997) (citing *Hall
v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

[4] Docket No. 50 appears to be a duplicate of Plaintiff's Surreply at Docket No. 51.

[5] For the purposes of resolving the Motions [#32, #38, #40, #44], the Court accepts as true all
well-pleaded, as opposed to conclusory, allegations made in Plaintiff's Amended Complaint [#24].
*See Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v.
Twombly*, 550 U.S. 544, 570 (2007)).

Plaintiff never received a receipt for payment." *Id.* She asserts that "Defendant," apparently referring to Defendant Chin and/or Defendant Rocket Mortgage, "never produced Note for evidence of debt during foreclosure, Note or Promissory Note as evidence of debt." *Id.* These are the only allegations made against Defendant Chin and Defendant Rocket Mortgage.

On November 16, 2022, Defendant Westerberg, who was the Arapahoe County Public Trustee, "listed Plaintiff's property for sale causing the public to violate Plaintiff's privacy and soliciting during non-business hours." *Id.* This is the only allegation made against Defendant Westerberg.

On July 22, 2024, Defendant Volz, who is a Judge for the Arapahoe County Court, "issued an unconstitutional judgment to foreclose on a consumer's (Plaintiff) property." *Id.* ¶¶ 6, 9. This is the only allegation made against Defendant Volz.

The allegations underlying the merits of the claims against Defendant Sauceda of Colorado Home Realty and Defendant Mindy Vasquez of Guardian Title Agency are not at issue in the present Motions, but the Court briefly notes that they primarily appear to stem from an incident happening on August 8, 2024, which began with Plaintiff making inquiries about her title and mortgage and ended with Plaintiff calling law enforcement to help her obtain her "stolen property." *Id.* ¶ 7.

As a result of these allegations, Plaintiff asserts five "counts" (with Count V consisting of multiple causes of action): (1) violation of the Truth in Lending Act; (2) violation of the Consumer Financial Protection Act; (3) fraud; (4) "unfair and deceptive trade practices" in violation of the Colorado Consumer Protection Act; and (5) "unconstitutional acts," consisting of (a) violation of 15 U.S.C. § 45, concerning deceptive

trade practices, (b) violation of 18 U.S.C. § 1343, concerning wire fraud, (c) violation of the Fifth Amendment, (d) violation of the Fourth Amendment, and (e) violation of the Fourteenth Amendment. *Id.* ¶¶ 11-23. Plaintiff seeks monetary, declaratory, and injunctive relief. *Id.* at 6. In their present Motions [#40, #44], Defendants Volz and Westerberg seek dismissal of all claims asserted against them pursuant to Fed. R. Civ. P 12(b)(1) and 12(b)(6). Meanwhile, in their Motions [#32, #38], Defendants Vasquez, Guardian Title Agency, and Sauceda ask the Court to compel Plaintiff to make a more definite statement of her case pursuant to Fed. R. Civ. P. 12(e).

## II. Standard of Review

### A.    Fed. R. Civ. P. 12(b)(1)

"To survive a 12(b)(1) motion to dismiss, a plaintiff must demonstrate that the court has subject-matter jurisdiction." *Audubon of Kan., Inc. v. U.S. Dep't of Interior*, 67 F.4th 1093, 1108 (10th Cir. 2023). "The party invoking federal jurisdiction has the burden to establish that it is proper, and there is a presumption against its existence." *Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014) (internal quotation marks omitted).

A Rule 12(b)(1) challenge may take two different forms. "The moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003). "When resolving a facial attack on the allegations of subject matter jurisdiction, a court must accept the allegations in the complaint as true." *Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 507 (10th Cir.

2023) (citation omitted). "When the moving party attacks the factual basis for subject matter jurisdiction, on the other hand, a court 'may not presume the truthfulness of the factual allegations in the complaint, but may consider evidence to resolve disputed jurisdictional facts.'" *Id.* (quoting *SK Fin. SA v. La Plata Cnty., Bd. of Cnty. Comm'rs*, 126 F.3d 1272, 1275 (10th Cir. 1997)).

**B.    Fed. R. Civ. P. 12(b)(6)**

Rule 12(b)(6) permits dismissal of a claim where the plaintiff has "fail[ed] to state a claim upon which relief can be granted." The Rule 12(b)(6) standard tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). "A complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Santa Fe All. for Pub. Health & Safety v. City of Santa Fe*, 993 F.3d 802, 811 (10th Cir. 2021) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "When the complaint includes 'well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Carraway v. State Farm & Cas. Co.*, No. 22-1370, 2023 WL 5374393, at *4 (10th Cir. Aug. 22, 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

"A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do . . . .  [n]or does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). "[D]ismissal under Rule 12(b)(6) is appropriate if the complaint alone is legally insufficient to state a claim." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104-05 (10th Cir. 2017). "The court's function on a Rule 12(b)(6)

motion is not to weigh potential evidence that the parties might present at trial[.]" *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

**C.      Fed. R. Civ. P. 12(e)**

Pursuant to Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Courts generally disfavor Rule 12(e) motions and rarely grant them "unless the complaint is 'so excessively vague and ambiguous as to be unintelligible' or [the] defendant would be prejudiced in its attempt to answer it." *Shanker v. Wells Fargo Bank NA*, No. 14-cv-02000-CMA-KLM, 2015 WL 870797, at *1 (D. Colo. Feb. 26, 2015) (quoting *Greater N.Y. Auto. Dealers Ass'n v. Env't Sys. Testings, Inc.*, 211 F.R.D. 71, 76 (E.D.N.Y. 2002)).

### III. Analysis

**A.      18 U.S.C. § 1343 and 15 U.S.C. § 45**

Plaintiff asserts claims under 18 U.S.C. § 1343 and 15 U.S.C. § 45 against all Defendants in this action. *Am. Compl.* [#24] ¶¶ 7, 9, 23. For the reasons explained below, the Court lacks subject matter jurisdiction over these two claims and therefore recommends that they be dismissed with respect to **all** Defendants, regardless of each Defendant's current status in this case. *See Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013) (stating that a court lacking jurisdiction "must dismiss the cause [of action] at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking"); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

1.    **18 U.S.C. § 1343: Wire Fraud**

18 U.S.C. § 1343 criminalizes wire fraud.[6] However, a private citizen cannot compel enforcement of a criminal statute. *Diamond v. Charles*, 476 U.S. 54, 64-65 (1986). Courts have uniformly held that there is no private cause of action under 18 U.S.C. § 1343. *See, e.g.*, *Serpik-Family, Roman-Vladimirovich v. Webb*, No. CIV-25-02-R, 2025 WL 1726316, at *8 (W.D. Okla. June 20, 2025) (citing *Clements v. Chapman*, 189 F. App'x 688, 692 (10th Cir. 2006)).

Accordingly, the Court **recommends** that Plaintiff's claims against all Defendants for violation of 18 U.S.C. § 1343 be **dismissed without prejudice**. *Garrett v. Lotus Inv. Funds Inc., LLC*, 713 F. App'x 792, 793-94 (10th Cir. 2018) (affirming the district court's dismissal for lack of subject matter jurisdiction where the federal statutes cited by the plaintiff did not establish any private cause of action); *Greene v. Tenn. Bd. of Jud. Conduct*, 693 F. App'x 782, 783 (Mem.) (10th Cir. 2017) (nothing that assertion of a claim under a federal "criminal statute . . . does not confer jurisdiction in this civil lawsuit"); *Albert v. Smith's Food & Drug Ctrs., Inc.*, 356 F.3d 1242, 1249 (10th Cir. 2004) ("In cases where the district court has determined that it lacks jurisdiction, dismissal of a claim must  be without prejudice.").

---

[6] 18 U.S.C. § 1343 provides: "Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both. If the violation occurs in relation to, or involving any benefit authorized, transported, transmitted, transferred, disbursed, or paid in connection with, a presidentially declared major disaster or emergency (as those terms are defined in section 102 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. 5122)), or affects a financial institution, such person shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both."

b. **15 U.S.C. § 45: Deceptive Trade Practices**

15 U.S.C. § 45 makes "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, . . . unlawful." 15 U.S.C. § 45(a)(1). However, the statute does not create a private cause of action but, rather, allows only the Federal Trade Commission to bring administrative actions to enjoin such practices. 15 U.S.C. § 45(m)(1); *see also Thomas v. Culpepper*, No. 4:18-CV-814-ALM-CAN, 2019 WL 6037992, at *4 (E.D. Tex. July 29, 2019) ("[A]lthough Plaintiff raises a claim under a federal statute: 15 U.S.C. § 45, such statute does not create a private cause of action."); *Montgomery v. Kraft Foods Glob., Inc.*, No. 1:12-CV-00149, 2012 WL 6084167, at *1 n.2 (W.D. Mich. Dec. 6, 2012) ("[T]he Federal Trade Commission Act, 15 U.S.C. §§ 45(a)(1) . . . , does not give rise to a private right of action before this Court."), *aff'd*, 822 F.3d 304 (6th Cir. 2016).

Accordingly, the Court **recommends** that Plaintiff's claim against all Defendants for violation of 15 U.S.C. § 45 be **dismissed without prejudice**. *See Garrett*, 713 F. App'x at 793-94; *Albert*, 356 F.3d at 1249.

B. **Defendant Volz's Motion to Dismiss [#40]**

At the outset, the Court addresses which claims are asserted against Defendant Volz. Based on consideration of the Amended Complaint [#24] as a whole, the Court finds that it can only reasonably be construed as asserting just Count V against Defendant Volz. Under the section titled "Causes of Action," Plaintiff lists five counts, broadly stating that "Defendant(s)" violated each count. *Am. Compl.* [#24] at 3-5. Count V is titled "Unconstitutional Acts" and lists five claims thereunder: (1) "15 USC 45 Deceptive Trade Practices," (2) "18 USC 1343: Fraud by Wire," (3) 5th Amendment-the government can't

take away a person's life, liberty or property without going through the court system," (4) 4th Amendment-grant citizenship to all people,"[7] and (5) "14th Amendment's due process clause protects individuals from states depriving them of life, liberty and property." *Id.* at 4-5. Plaintiff's sole allegation against Defendant Volz is located in paragraph 9 of her Amended Complaint [#24], where she states in relevant part: "On July 22, 2024, Judge Elizabeth Bebee [sic] Volz issued an unconstitutional judgment to foreclose on a consumer's (Plaintiff) property. These acts are in violations of:" the same five claims listed under Count V. *Id.* at 3. Thus, despite Plaintiff's broad statements that "Defendant(s)" violated Counts I through IV as well, the Court construes the Amended Complaint [#24] as asserting violations by Defendant Volz of only the five claims listed under Count V. Because the Court has already addressed the statutory claims in Section III.A. above, it proceeds to address the remaining constitutional claims below, i.e., those asserted under the Fourth, Fifth, and Fourteenth Amendments. *Am. Compl.* [#24] at 3, 4-5.

### 1.    Eleventh Amendment Immunity

The Eleventh Amendment implicates a state's sovereign immunity. *Callahan v. Poppell*, 471 F.3d 1155, 1159-60 (10th Cir. 2006). "The Eleventh Amendment generally bars suits against a state in federal court commenced by citizens of that state or citizens of another state." *Elephant Butte Irrigation Dist. of N.M. v. Dep't of Interior*, 160 F.3d 602, 607 (10th Cir. 1998). Likewise, the Eleventh Amendment "generally bars suits brought by individuals against state officials acting in their official capacities," but it "does not bar a suit against state officials in their official capacities if it seeks prospective relief for the

---

[7] Although Plaintiff explicitly cites the Fourth Amendment here, she likely intends to refer to the Fourteenth Amendment's Citizenship Clause, which provides: "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside." U.S. CONST. amend. XIV, § 1.

officials' ongoing violation of federal law." *Harris v. Owens*, 264 F.3d 1282, 1289-90 (10th Cir. 2001) (emphasis added). Here, to the extent that Plaintiff seeks retrospective injunctive and/or monetary damages from Defendant Volz in her official capacity, those claims are barred by the Eleventh Amendment.[8] *See, e.g.*, *Amin v. Voigtsberger*, 560 F. App'x 780, 782-83 (10th Cir. 2014).

Accordingly, the Court **recommends** that Plaintiff's constitutional claims against Defendant Volz in her official capacity be **dismissed without prejudice** to the extent Plaintiff seeks retrospective injunctive relief and/or monetary relief from her. *See Rural Water Sewer & Solid Waste Mgmt. v. City of Guthrie*, 654 F.3d 1058, 1069 n.9 (10th Cir. 2011) (stating that "a dismissal on sovereign immunity grounds . . . must be without prejudice").

### 2.    Injunctive Relief and Individual Capacity

Next, the Court addresses Plaintiff's request for injunctive relief against Defendant Volz. To the extent such relief is being requested from Defendant Volz in her individual capacity, "[u]nder § 1983, a plaintiff cannot sue an official in their individual capacity for injunctive or declaratory relief." *Chilcoat v. San Juan County*, 41 F.4th 1196, 1214 (10th Cir. 2022). Therefore, this portion of Plaintiff's constitutional claims fails as a matter of law.

---

[8] Plaintiff does not appear to seek declaratory relief from Defendant Volz, as the only declaratory relief she seeks is "[a]n order declaring that Defendant(s)' conduct violated TILA, CFPA, and state consumer protection laws," none of which claims are asserted against Defendant Volz, as already discussed. *Am. Compl.* [#24] at 5. However, even assuming that this request for declaratory relief could be construed as made against Defendant Volz, it, too, is barred by the Eleventh Amendment, as the requested relief is solely retrospective in nature, i.e., Plaintiff seeks a declaration that her rights were violated in the past. *See, e.g.*, *K.A. v. Barnes*, 134 F.4th 1067, 1075 (10th Cir. 2025) ("[T]o the extent [the plaintiff's] requests for declaratory relief are retrospective, they do not fall within the *Ex parte Young* exception to sovereign immunity.").

Accordingly, the Court **recommends** that Plaintiff's constitutional claims be **dismissed with prejudice** to the extent she seeks injunctive relief from Defendant Volz in her individual capacity. *See, e.g.*, *Croston v. Breshears*, No. CIV-24-00633-JD, 2025 WL 1802362, at *9 (W.D. Okla. June 30, 2025) (dismissing with prejudice claim for equitable relief against official sued in her individual capacity).

### 3.    Prospective Injunctive Relief

In relevant part, 42 U.S.C. § 1983 provides: "[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Here, Plaintiff "has not alleged that a declaratory decree was violated or that justifiable prospective declaratory relief is unavailable." *McGoffney v. Rahaman*, No. 23-1060, 2023 WL 6890917, at *5 (10th Cir. Oct. 19, 2023) (citing *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011)). Thus, to the extent Plaintiff seeks prospective injunctive relief against Defendant Volz in her official capacity, it is barred by 42 U.S.C. § 1983.

Accordingly, the Court **recommends** that Plaintiff's constitutional claims against Defendant Volz be **dismissed with prejudice** to the extent she seeks prospective injunctive relief from Defendant Volz in her official capacity. *See Pledger v. Russell*, 702 F. App'x 683, 685 (10th Cir. 2017) (remanding for dismissal with prejudice instead of without prejudice where 42 U.S.C. § 1983 barred injunctive relief against a state judicial officer).

4.      **Damages**

With very limited exception, judges are "immune from suits for money damages."
*Pledger*, 702 F. App'x at 684. "A judge acting in [her] judicial capacity is absolutely
immune from . . . suit[ ], unless the judge acts clearly without any colorable claim of
jurisdiction." *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990). "A judge may act in
excess of [her] subject matter jurisdiction and still retain absolute judicial immunity; only
in the unusual circumstances of complete and clear absence of all jurisdiction is absolute
immunity inappropriate." *Id.* at 694. "[T]he scope of the judge's jurisdiction must be
construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435
U.S. 349, 356 (1978). "A judge does not act in the clear absence of all jurisdiction even if
the action [s]he took was in error, was done maliciously, or was in excess of [her]
authority." *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000) (internal
quotation marks omitted).

Here, Plaintiff has not provided any allegations demonstrating that Defendant Volz
acted "without any colorable claim of jurisdiction." *Snell*, 920 F.2d at 686. The sole
allegation against Defendant Volz is that she "issued an unconstitutional judgment to
foreclose on" Plaintiff's property. *Am. Compl.* [#24] at 3. Even if Defendant Volz's
foreclosure order was legally incorrect, or even done "maliciously" or otherwise "in excess
of [her] authority," *see Whitesel*, 222 F.3d at 867, she would still be entitled to judicial
immunity regarding Plaintiff's claims for damages against her.

Accordingly, the Court **recommends** that Plaintiff's constitutional claims for
damages against Defendant Volz in her individual capacity be **dismissed with prejudice**.
*See Pledger*, 702 F. App'x at 685 (remanding for dismissal with prejudice instead of

without prejudice where judicial immunity barred the plaintiff's damages claim against the state judicial officer).

## C.    Defendant Westerberg's Motion to Dismiss [#44]

As with Defendant Volz, the sole allegation against Defendant Westerberg appears in paragraph 9 of the Amended Complaint [#24]: "On November 16, 2022, Michael R. Westerberg, Arapahoe County Public Trustee listed Plaintiff's property for sale causing the public to violate Plaintiff's privacy and soliciting during non-business hours. . . . These acts are in violation of:" the five claims that are mirrored under Count V. *Am. Compl.* [#24] at 3, 4-5. Accordingly, the Court here, too, finds that only the five claims made under Count V are asserted against Defendant Westerberg. Because the Court has already addressed the statutory claims in Section III.A. above, it proceeds to address the remaining constitutional claims below, i.e., those asserted under the Fourth, Fifth, and Fourteenth Amendments. *Am. Compl.* [#24] at 3, 4-5.

### 1.    *Rooker-Feldman* Doctrine

Defendant Westerberg argues that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine. *Motion* [#44] at 6-8. Because this doctrine implicates the Court's subject matter jurisdiction, *see K.A. v. Barnes*, 134 F.4th 1067, 1074 (10th Cir. 2025), the Court addresses it first.

The *Rooker-Feldman* doctrine "precludes a losing party in state court who complains of injury caused by the state-court judgment from bringing a case seeking review and rejection of that judgment in federal court." *Miller v. Deutsche Bank Nat'l Tr. Co. (In re Miller)*, 666 F.3d 1255, 1261 (10th Cir. 2012). In other words, the doctrine bars a "losing party's claim that the state judgment itself violates the loser's federal rights."

*Johnson v. DeGrandy*, 512 U.S. 997, 1006 (1994). "The essential point is that barred claims are those complaining of injuries *caused* by state-court judgments." *Campbell v. City of Spencer*, 682 F.3d 1278, 1283 (10th Cir. 2012) (internal quotation marks omitted, emphasis added).

Here, the only action concerning Defendant Westerberg about which Plaintiff complains occurred on November 16, 2022, when he listed Plaintiff's property for sale. *Am. Compl.* [#24] at 3. This action occurred about twenty months before Defendant Volz entered her purportedly "unconstitutional judgment to foreclose on" Plaintiff's property. *See id.* Defendant Westerberg argues that his action was inextricably intertwined with the judgment rendered by Defendant Volz. *Motion* [#44] at 7. Defendant Westerberg is correct that "[t]he *Rooker-Feldman* doctrine also bars federal district courts from considering 'claims inextricably intertwined with a prior state-court judgment.'" *Grigat v. Mortg. Lenders Network USA, Inc.*, No. 17-cv-01305-CMA-MEH, 2017 WL 6033686, at *3 (D. Colo. Oct. 31, 2017) (quoting *Tal v. Hogan*, 453 F.3d 1244, 1256 (10th Cir. 2006)). However, a claim is only "inextricably intertwined" if "the state-court judgment *caused*, actually and proximately, the *injury* for which the federal-court plaintiff seeks *redress*." *Tal*, 453 F.3d at 1256 (internal citations omitted).

Here, insufficient information exists for the Court to determine that Defendant Westerberg's action was "inextricably intertwined" with Defendant Volz's order. Although Defendant Westerberg's listing of the property *may* have been a prerequisite for the proceedings before Defendant Volz, the allegations are unclear as to how Defendant Westerberg's listing of the property for sale twenty months before that order is directly connected with Defendant Volz's order of foreclosure. In other words, listing the property

for sale *after* the foreclosure order would clearly be inextricably intertwined with the order, but, based on the limited information currently before the Court, the connection between the listing and the order is unclear, including whether they were even part of the same proceeding. Although the Court may consider documents outside the Amended Complaint [#24] that are pertinent to ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), *see Pringle v. United States*, 208 F.3d 1220, 1222 (10th Cir. 2000), Defendant Westerberg has not provided enough documentation attached to his briefs or supporting argument explaining such documents to allow the Court to determine that the *Rooker-Feldman* doctrine is applicable to Plaintiff's claims against him. *See Motion* [#44] at 6-8.

Accordingly, the Court **recommends** that the Motion [#44] be **denied** to the extent Defendant Westerberg seeks dismissal under the *Rooker-Feldman* doctrine at this time.

### 2. Collateral Estoppel and Issue Preclusion

Defendant Westerberg also argues that Plaintiff's claims are barred by the doctrine of collateral estoppel. *Motion* [#44] at 9-11. The terms "collateral estoppel" and "issue preclusion" are interchangeable. *See, e.g.*, *Keller Tank Servs. II, Inc. v. Comm'r of Internal Revenue*, 854 F.3d 1178, 1193 (10th Cir. 2017) ("Collateral estoppel, or issue preclusion, concerns the merits of a case.").

Issue preclusion "prevents a party that has lost the battle over an issue in one lawsuit from relitigating the same issue in another lawsuit." *In re Corey*, 583 F.3d 1249, 1251 (10th Cir. 2009). Preclusion conserves resources and provides consistency in judicial decisions. *Id.* However, under federal law, "issue preclusion attaches only '[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment,

and the determination is essential to the judgment.'" *Arizona v. California*, 530 U.S. 392, 414 (2000) (quoting Restatement (Second) of Judgments § 27 (1982)) (alteration in original).

The elements of issue preclusion are: "(1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action." *Chavez v. Bd. of Cnty. Comm'rs of Lake Cnty.*, 423 F. Supp. 3d 1106, 1111 (D. Colo. 2019) (quoting *United States v. Rogers*, 960 F.2d 1501, 1508 (10th Cir. 1992)). "Issue preclusion applies even when a prior decision 'never reached the merits'; that is, 'dismissals for lack of jurisdiction preclude future relitigation of that jurisdictional question.'" *Boulter v. Noble Energy Inc.*, No. 23-1118, 2024 WL 1526289, at *3 (10th Cir. Apr. 9, 2024) (citing *Boulter v. Noble Energy Inc.*, 74 F.4th 1285, 1289 (10th Cir. 2023)).

Here, Defendant Westerberg broadly discusses prior lawsuits brought by Plaintiff concerning the foreclosure of her property. *Motion* [#44] at 10-11. In discussing the second element of issue preclusion, though, he relies on Defendant Volz's Order [#44-3] holding that Plaintiff's sole claim of fraud against the Deputy Public Trustee was barred for lack of compliance with the Colorado Governmental Immunity Act ("CGIA"). *Motion* [#44] at 11. However, this Order [#44-3] is not an adjudication on the merits of any issue presently before the Court in this action. As discussed above, the Court is not construing Plaintiff's Amended Complaint [#24] as asserting a cause of action for fraud against Defendant Westerberg. Further, the CGIA does not apply to the federal constitutional

claims at issue here. *See Gonzales v. City of Castle Rock*, 366 F.3d 1093, 1108 n.12 (10th Cir. 2004) ("Rather, case law indicates the [C]GIA has consistently been applied only to Colorado state tort law claims against government officials even when the case also includes a § 1983 claim."), *rev'd on other grounds by Town of Castle Rock, Colorado v. Gonzales*, 545 U.S. 748 (2005). Thus, the Court cannot find based on the argument before it at this time that issue preclusion bars Plaintiff's claims against Defendant Westerberg in this lawsuit.

Accordingly, the Court **recommends** that the Motion [#44] be **denied** to the extent Defendant Westerberg seeks dismissal based on collateral estoppel/issue preclusion.

### 3.    Failure to State a Claim

As noted above, the only allegation against Defendant Westerberg is as follows: "On November 16, 2022, Michael R. Westerberg, Arapahoe County Public Trustee listed Plaintiff's property for sale causing the public to violate Plaintiff's privacy and soliciting during non-business hours." *Am. Compl.* [#24] at 3. Plaintiff asserts three constitutional violations based on this sole allegation. *Id.* at 3, 4-5. Plaintiff's Fifth Amendment claim states that "the government can't take away a person's life, liberty or property without going through the court system." *Id.* at 5. Her Fourth Amendment claim simply states: "grant citizenship to all people." *Id.* Her Fourteenth Amendment claim states that the "due process clause protects individuals from states depriving them of life, liberty and property." *Id.*

No matter how these claims are construed, Plaintiff has not provided enough information to allow the Court to find that a constitutional violation has occurred. Plaintiff has provided no information regarding how Defendant Westerberg violated these laws.

In fact, the only action alleged to have been taken by him is that, in his role as Arapahoe County Public Trustee, he "listed Plaintiff's property for sale[.]" *Id.* at 3. Under Article 38 of Title 38 of Colorado law, public trustees are empowered to list property for sale based on foreclosure or certain other proceedings. Thus, Plaintiff's mere allegation that her property was listed for sale by Defendant Westerberg does not, on its own, demonstrate violation of the law.

"[T]o state a claim in federal court, a complaint must explain what each defendant did to . . . her; when the defendant did it; how the defendant's action harmed . . . her; and, what specific legal right the plaintiff believes the defendant violated." *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Plaintiff has not provided any specific allegations regarding any specific actions taken by Defendant Westerberg beyond his engagement in a duty permitted him under Colorado law.

Accordingly, the Court **recommends** that Plaintiff's constitutional claims against Defendant Westerberg be **dismissed without prejudice**. *See Gee v. Pacheco*, 627 F.3d at 1186 (stating that "ordinarily the dismissal of a pro se claim under Rule 12(b)(6) should be without  prejudice").

**D.    The Motions for More Definite Statement [#32, #38]**

In their Motion [#32], Defendants Vasquez and Guardian Title Agency ask the Court pursuant to Fed. R. Civ. P. 12(e) to compel Plaintiff to file an amended pleading which provides a more definite statement of her lawsuit against them. In her Motion [#38], Defendant Sauceda simply joins in the argument made by Defendants Vasquez and Guardian Title Agency without asserting any additional independent arguments of her own. For the reasons that follow, the Court finds that their requests should be granted.

### 1. Named Defendants

Defendants Vasquez and Guardian Title Agency argue that it is unclear whether Plaintiff is asserting claims against one or both of them. *Motion* [#32] at 1-2. For the following reasons, the Court agrees that the Amended Complaint renders unclear who Plaintiff has sued.

First, the caption of the complaint lists six Defendants, as follows:

(1) "Nancy Sauceda – Colorado Home Realty";
(2) "Mindy Vasquez – Guardian Title Agency";
(3) "Guardian Title Agency";
(4) "Rocket Mortgage (Randall M. Chin Attorney for Rocket Mortgage)";
(5) "Michael R. Westerberg – Arapahoe County Public Trustee"; and
(6) "Elizabeth Bebee [sic] Volz – Judge Arapahoe County Court."

*Am. Compl.* [#24] at 1.

Second, the "Introduction" section lists five, possibly six Defendants:

(1) "Nancy Sauceda";
(2) "Mindy Vasquez";
(3) "Rocket Mortgage/Randall M. Chin";
(4) "Michael R. Westerberg"; and
(5) "Elizabeth Bebee [sic] Volz."

*Id.* Guardian Title Agency is not listed as a defendant here.

Third, the "Parties" section lists five Defendants:

(1) "Nancy Sauceda (Broker for Colorado Home Realty)";
(2) "Mindy Vasquez (Manager for Guardian Title Agency)";
(3) "Michael R. Westerberg (Arapahoe County Public Trustee)";
(4) "Rocket Mortgage (Randall M. Chin, Attorney)"; and
(5) "Elizabeth Bebee [sic] Volz (Judge for Arapahoe County Court)."

*Id.* at 2. Again, Guardian Title Agency is not listed as a defendant here, and it appears that Rocket Mortgage only, and not Randall M. Chin as well, is named.

Fourth, the Court notes that the allegations *may* indicate that Guardian Title Agency is a defendant. *See, e.g.*, *id.* at 2-3 ("Nancy Sauceda and Guardian Title Agency

made that decision without Plaintiff's consent. . . . Nancy Sauceda and Guardian Title
Agency conspired together[.]"). The allegations also indicate that Randall M. Chin *may* be
a separate defendant. *See id.* at 3 ("February 2022 defendant Randall M. Chin Attorney
for ROCKET MORTGAGE served Plaintiff with foreclosure documents, with deceptive
intensions.").

Fifth, the "Prayer for Relief" section lists five defendants:

(1) "Nancy Sauceda";
(2) "Mindy Vasquez";
(3) "Michael R. Westerberg";
(4) "Rocket Mortgage"; and
(5) "Elizabeth Bebee [sic] Volz."

*Id.* at 5. Neither Randall Chin nor Guardian Title Agency are listed here.

In addition, the Proofs of Service [#27] filed by Plaintiff after the Amended
Complaint [#24] was filed demonstrate that Plaintiff attempted to serve five, possibly six,
defendants:

(1) "Nancy Sauceda";
(2) "Michael Westerberg";
(3) "Judge Volz, Elizabeth";
(4) "David C. Walker/Mindy Vasquez"; and
(5) "Randall Chin."

It is unclear who David C. Walker is.

Finally, in Plaintiff's Response [#47] to the Motions, she lists Defendants in her
case caption as follows:

(1) "Nancy Sauceda, et al – Colorado Home Realty";
(2) "Mindy Vasquez, et al – Guardian Title Agency";
(3) "Randall M. Chin, et al – Barrett Frappier & Weisserman, LLP; Attorney Rocket
    Mortgage";
(4) "Michael R. Westerberg, et al – Arapahoe County Public Trustee"; and
(5) Elizabeth Bebee [sic] Volz, et al – Arapahoe County District Judge."

*See* [#47] at 1.

Based on the totality of these filings, including the fact that the "Parties" and "Prayer for Relief" sections of the Amended Complaint [#24] essentially match, the Court believes it *likely* that Plaintiff is suing five Defendants:

(1) **Nancy Sauceda** (as Broker for Colorado Home Realty);
(2) **Mindy Vasquez** (as Manager for Guardian Title Agency);
(3) **Michael R. Westerberg** (as Arapahoe County Public Trustee);
(4) **Rocket Mortgage** (whose attorney is Randall M. Chin); and
(5) **Elizabeth Beebe Volz** (as Judge for Arapahoe County Court).

However, given the discrepancies on the docket, this may not be Plaintiff's intent, and it is particularly unclear whether Plaintiff is suing Rocket Mortgage, Randall M. Chin, or both. Regardless, neither the Court nor the parties should be required to divine Plaintiff's intent in such a manner. Plaintiff must clearly articulate who she is naming as Defendants in her lawsuit. Thus, the Court finds that, with respect to all Defendants other than Defendants Westerberg and Volz, Plaintiff should be required to file a more definite statement explaining which precise persons/entities are being sued.

**2.      Fed. R. Civ. P. 8(d)(1)**

Next, Defendants Vasquez, Guardian Title Agency, and Sauceda argue that a more definite statement is required because the lengthy paragraph 7 of the Amended Complaint [#24], which contains the bulk of the allegations against them, fails to comply with the requirements of Fed. R. Civ. P. 8(d)(1). *Motion* [#32] at 2.

Rule 8(d)(1) provides that "[e]ach allegation" asserted in a complaint "must be simple, concise, and direct." This requirement on the part of a plaintiff then allows any defendants to comply with Rule 8(b)(1)(B), which requires the defendants to "admit or deny the allegations asserted against it by an opposing party." Long, rambling paragraphs in a complaint do not comply with Rule 8(d)(1). *See, e.g.*, *Bremer v. Ass'n of Flight*

*Attendants – CWA*, No. 11-cv-02764-WJM-MJW, 2013 WL 3303377, at \*10-11 (D. Colo. July 1, 2013) (agreeing with the defendants that the plaintiff's complaint "in many respects does not comply with Rules 8 and 12" where "the bulk of her factual allegations are contained in just two rambling, difficult to follow paragraphs"); *Benchmark Constr., LLC v. Scheiner Com. Grp., Inc.*, No. 2:12-cv-00762, 2013 WL 1288646, at \*1 (D. Utah Mar. 26, 2013) ("The Defendants' argument is well-taken that this unnumbered section of narrative, more similar in nature to an opening argument at trial than a 'short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2), is prolix and unnecessarily dramatic at this stage of the lawsuit.").

The Court agrees that the portion of Plaintiff's Amended Complaint [#24] which contains most allegations against Defendants Vasquez, Guardian Title Agency, and Sauceda does not comply with Rule 8(d)(1) and, therefore, any further amended complaint should correct this violation.

### 3.    Causes of Action

Next, Defendants Vasquez, Guardian Title Agency, and Sauceda argue that a more definite statement is required because it is unclear which causes of action are asserted against which defendant. *Motion* [#32] at 2.

Considering Plaintiff's paragraph 7, most of Plaintiff's five counts are likely asserted against Defendants Vasquez, Guardian Title Agency, and Sauceda, but, again, the Amended Complaint [#24] is not entirely clear. As these Defendants point out, Plaintiff "alternates between the word 'Defendant's', indicating the singular, and 'Defendant(s)', indicating that it could be singular or plural." *Motion* [#32] at 2. No cause of action refers to any specific defendant, and, as discussed further in Section III.D.5. below, the

allegations are unclear as to how each defendant she intended to name may have violated each specific law she cites. *Am. Compl.* [#24] ¶¶ 11-23.

Thus, the Court finds that, with respect to all Defendants other than Defendants Westerberg and Volz, Plaintiff should be required to file a more definite statement explaining which precise causes of action are asserted against which precise person/entity being sued.

### 4.    Fed. R. Civ. P. 9

Next, Defendants Vasquez, Guardian Title Agency, and Sauceda argue that a more definite statement is required because Plaintiff fails to meet the particularity requirements for stating a fraud claim under Fed. R. Civ. P. 9(b). *Motion* [#32] at 2.

Fed. R. Civ. P. 9(b) states, "[i]n all averments of fraud or mistake, the circumstances constituting the fraud or mistake shall be stated with particularity." The Tenth Circuit has held that "Rule 9(b) does not require that a complaint set forth detailed evidentiary matter as to why particular defendants are responsible for particular statements, or that the allegations be factually or legally valid. Instead, Rule 9(b) requires that the pleadings give notice to the defendants of the fraudulent statements for which they are alleged to be responsible." *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1253 (10th Cir. 1997). Thus, "a complaint must identify the time, place, and content of each allegedly fraudulent representation or omission, identify the person responsible for it, and identify the consequences thereof[,]" i.e., "'the what, when, where and how.'" *Caprin v. Simon Transp. Servs., Inc.*, 99 F. App'x 150, 158 (10th Cir. 2004).

While the Court does not make any specific final finding regarding whether Plaintiff's claims regarding fraud meet this standard, the Court notes based on its review

of the Amended Complaint [#24] that Plaintiff unlikely has met this standard. While she has provided *some* information pertaining to the requirements of Rule 9(b) in paragraphs 7 and 8, she probably has not provided enough information to meet the rule's higher standard. Therefore, any further amended complaint should be sure to comply with Rule 9(b)'s requirements.

### 5.    Allegations in General

Finally, Defendants Vasquez, Guardian Title Agency, and Sauceda argue that a more definite statement is required because "Plaintiff's allegations and claims are . . . vague and ambiguous" and "fail[ ] to even allege the basic elements of any cause of action[.]" *Motion* [#32] at 3-4.

Again, the Court notes that, "to state a claim in federal court, a complaint must explain what each defendant did to . . . her; when the defendant did it; how the defendant's action harmed . . . her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious*, 492 F.3d at 1163; *see also Moore v. Johnson Cnty. Det. Facility*, No. 13-3109-SAC, 2013 WL 4402568, at *4 n.8 (D. Kan. Aug. 14, 2013) (advising pro se plaintiff that his amended complaint "must name every proper defendant in the caption of the complaint and again in its body, where he must also describe the personal participation of each defendant"). While Plaintiff is not required to plead every single fact in her case, "there are certain details the Plaintiff should know and could properly plead to satisfy the plausibility requirement" to state a claim under Rule 12(b)(6). *Khalik v. United Air Lines*, 671 F.3d 1188, 1194 (10th Cir. 2012) (finding that the inadequate pleading rendered claims implausible and therefore affirming dismissal).

Again, while the Court does not make any specific, final finding regarding whether the allegations underlying Plaintiff's claims meet the applicable pleading standard, the Court notes based on its review of the Amended Complaint [#24] that the allegations unlikely do for some or all of her claims. Therefore, any further amended complaint should be sure to comply with the pleading standard set out in *Nasious*.

**6.    Conclusion**

Based on the foregoing, the Court finds that the Motions [#32, #38] seeking a more definite statement should be granted, particularly given the problem of identifying who is a named defendant in this action. Accordingly, the Court **recommends** that the Motions [#32, #38] be **granted**.

## IV. Conclusion

Based on the foregoing,

IT IS HEREBY **RECOMMENDED** that the Motions [#32, #38, #40, #44] be **GRANTED** to the extent outlined above. Thus,

IT IS FURTHER **RECOMMENDED** that all claims against Defendants Volz and Westerberg be **DISMISSED** and that they both be **DISMISSED** from this lawsuit.

IT IS FURTHER **RECOMMENDED** that Plaintiff be required to file a Second Amended Complaint as to all other Defendants which addresses the deficiencies outlined in Section III.D. above.

IT IS FURTHER **RECOMMENDED** that Plaintiff's claims under 18 U.S.C. § 1343 and 15 U.S.C. § 45 be **DISMISSED without prejudice** as to **all** Defendants based on lack of subject matter jurisdiction.

IT IS FURTHER **ORDERED** that any party may file objections **within 14 days** of service of this Recommendation. In relevant part, Fed. R. Civ. P. 72(b)(2) provides that, "within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Id.* "[A] party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated: July 15, 2025

BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge