IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 24-cv-02280-NYW-KAS

ALLISON STANTON,

     Plaintiff,

v.

NANCY SAUCEDA,
MINDY VASQUEZ,
RANDALL M. CHIN,[1]
MICHAEL R. WESTERBERG,
ELIZABETH BEEBE VOLZ,
GUARDIAN TITLE AGENCY, and
ROCKET MORTGAGE,

     Defendants.

---

## ORDER ADOPTING RECOMMENDATION

---

This matter is before the Court on the Recommendation of United States

---

[1] As Judge Starnella outlines in the Recommendation, the caption of the Amended Complaint identifies six Defendants:  "Nancy Sauceda – Colorado Home Realty"; "Mindy Vasquez – Guardian Title Agency"; "Guardian Title Agency";  "Rocket Mortgage (Randall M. Chin Attorney for Rocket Mortgage)";  "Michael R. Westerberg – Arapahoe County Public Trustee"; and "Elizabeth Bebee [sic] Volz – Judge Arapahoe County Court." [Doc. 24 at 1 (capitalization altered)].  However, the "Introduction" section of the Amended Complaint lists Defendants differently:  "Nancy Sauceda"; "Mindy Vasquez"; "Rocket Mortgage/Randall M. Chin"; "Michael R. Westerberg"; and "Elizabeth Bebee [sic] Volz." [*Id.*].  Further, the "Parties" section of the Amended Complaint also lists Defendants differently:  "Nancy Sauceda (Broker for Colorado Home Realty)"; "Mindy Vasquez (Manager for Guardian Title Agency)"; "Michael R. Westerberg[ ](Arapahoe County Public Trustee)"; "Rocket Mortgage[ ](Randall M. Chin, Attorney)"; and "Elizabeth Bebee [sic] Volz[ ](Judge for Arapahoe County Court)."  [*Id.* at 2].  Because the allegations "indicate that Randall M. Chin *may* be a separate defendant," [Doc. 130 at 20], the Court adopts Judge Starnella's Recommendation by listing Defendants who are currently listed on the electronic docket, [*id.* at 1 n.1].

Magistrate Judge Kathryn A. Starnella, issued on July 15, 2025 ("the Recommendation"). [Doc. 130]. Judge Starnella recommends that this Court grant the Second Motion for More Definite Statement filed by Mindy Vasquez and Guardian Title Agency ("Vasquez Motion"), [Doc. 32, filed October 3, 2024]; Defendant Nancy Sauceda's Joinder to Second Motion for More Definite Statement of Defendants Mindy Vasquez and Guardian Title Agency ("Sauceda Motion"), [Doc. 38, filed October 9, 2024]; Defendant Elizabeth Beebe Volz's Motion to Dismiss ("Volz Motion"), [Doc. 40, filed October 15, 2024]; and Defendant Michael Westerberg's Motion to Dismiss ("Westerberg Motion"), [Doc. 44, filed October 21, 2024]. [Doc. 130 at 2].[2] For the reasons set forth herein, the Court respectfully **ADOPTS** the Recommendation and **GRANTS** the Vasquez Motion, the Sauceda Motion, the Volz Motion, and the Westerberg Motion.

Judge Starnella outlines the facts of this case in detail in the Recommendation, and the Court only repeats them herein as is necessary to address the Recommendation. [*Id.* at 2–4]. As Judge Starnella notes, it is not immediately clear from Plaintiff's Amended Complaint which claims she asserts against which Defendants. [*Id.* at 2]. Because Plaintiff proceeds pro se, the Court must construe her filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot and does not advocate for a pro se litigant.

---

[2] In the Recommendation, Judge Starnella appears to recommend that certain portions of the Westerberg Motion be denied. *See, e.g.*, [Doc. 130 at 15 (recommending that the Westerberg Motion be "denied to the extent Defendant Westerberg seeks dismissal under the *Rooker-Feldman* doctrine at this time.") (emphasis removed)]. The Court construes these portions of the Recommendation as rejecting certain *arguments* raised by Defendant Westerberg, as opposed to recommending that the relief requested in the Westerberg Motion be denied. Indeed, Judge Starnella recommends that the Westerberg Motion be granted and that Defendant Westerberg be dismissed from this lawsuit. [*Id.* at 2, 25].

*See Hall*, 935 F.2d at 1110.  Plaintiff brings five claims, with the fifth claim containing multiple causes of action:  (1) violation of the Truth in Lending Act; (2) violation of the Consumer Financial Protection Act; (3) fraud; (4) "unfair and deceptive trade practices" in violation of the Colorado Consumer Protection Act; and (5) "unconstitutional acts," consisting of (a) violation of 15 U.S.C. § 45, concerning deceptive trade practices, (b) violation of 18 U.S.C. § 1343, concerning wire fraud, (c) violation of the Fifth Amendment, (d) violation of the Fourth Amendment, and (e) violation of the Fourteenth Amendment.  [Doc. 24 at ¶¶ 11–23].  The only factual allegations Plaintiff asserts against Defendant Volz and Defendant Westerberg pertain to Plaintiff's constitutional claims.  [*Id.* at ¶ 9; Doc. 130 at 3].  The Court accepts as true all well-pleaded allegations in the Amended Complaint, but it need not accept conclusory allegations.  *See Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Accordingly, even construing the Amended Complaint liberally, because Plaintiff's allegations with respect to Defendant Volz and Defendant Westerberg are related only to her constitutional claims, the Court construes the Amended Complaint to assert only constitutional claims against Defendant Volz and Defendant Westerberg. *See Brooks v. Red Interactive Advert.*, No. 2:19-cv-00481-DB-PMW, 2020 WL 1536563, at *2 (D. Utah Mar. 31, 2020) ("Even when the court liberally construes [p]laintiff's complaint, the court concludes that [p]laintiff has failed to provide enough well-pleaded factual allegations to support the claims for relief alleged in the complaint.").

The Recommendation states that objections to the Recommendation must be filed within 14 days after its service on the Parties.  [Doc. 130 at 26]; 28 U.S.C. § 636(b)(1)(C);

Fed. R. Civ. P. 72(b)(2).  The Recommendation was mailed to Plaintiff on July 18, 2025.[3]
[Doc. 131].  No Party has objected to the Recommendation and the time to do so has
elapsed.

In the absence of an objection, the district court may review a magistrate judge's
recommendation under any standard it deems appropriate.  *See Summers v. Utah*, 927
F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It
does not appear that Congress intended to require district court review of a [magistrate
judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither
party objects to those findings.").  The Court has therefore reviewed the Recommendation
to satisfy itself that there is "no clear error on the face of the record."[4]  Fed. R. Civ. P.
72(b), advisory committee's note to 1983 amendment.  Based on this review, the Court
concludes that the Recommendation is thorough, well-reasoned, and a correct application
of the facts and the law, and the Court respectfully **ADOPTS** the Recommendation.

Accordingly, it is **ORDERED** that:

(1)     The Recommendation of United States Magistrate Judge [Doc. 130] is
        **ADOPTED**;

(2)     Plaintiff's claims under 18 U.S.C. § 1343 and 15 U.S.C. § 45 against
        Defendants Sauceda, Vasquez, Chin, Guardian Title Agency, and Rocket

---

[3] The Recommendation was issued and mailed on July 15, 2025.  [Doc. 130].  However,
out of an abundance of caution, the Court mailed the Recommendation again and filed a
Certificate of Service on the docket on July 18, 2025, [Doc. 131], thereby extending the
deadline for objections until August 1, 2025.  In either case, the time to file objections has
elapsed.

[4] This standard of review is something less than a "clearly erroneous or . . . contrary to
law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review,
Fed. R. Civ. P. 72(b).

Mortgage are **DISMISSED without prejudice** for lack of subject matter jurisdiction;

(3)    Defendant Elizabeth Beebe Volz's Motion to Dismiss [Doc. 40] is respectfully **GRANTED**, and

      a.    Plaintiff's constitutional claims against Defendant Volz in her official capacity are **DISMISSED without prejudice** to the extent Plaintiff seeks retrospective injunctive relief and/or monetary relief from her;

      b.    Plaintiff's constitutional claims are **DISMISSED with prejudice** to the extent she seeks injunctive relief from Defendant Volz in her individual capacity;

      c.    Plaintiff's constitutional claims against Defendant Volz are **DISMISSED with prejudice** to the extent she seeks prospective injunctive relief from Defendant Volz in her official capacity;

      d.    Plaintiff's constitutional claims for damages against Defendant Volz in her individual capacity are **DISMISSED with prejudice**; and

      e.    Defendant Elizabeth Beebe Volz is **TERMINATED** as a party to this action;

(4)    Defendant Michael Westerberg's Motion to Dismiss [Doc. 44] is respectfully **GRANTED**, and

      a.    Plaintiff's constitutional claims against Defendant Westerberg are **DISMISSED without prejudice** for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; and

b.  Defendant Michael Westerberg is **TERMINATED** as a party to this action;

(5)    The Second Motion for More Definite Statement [Doc. 32] is **GRANTED**;

(6)    Defendant Nancy Sauceda's Joinder to Second Motion for More Definite Statement of Defendants Mindy Vasquez and Guardian Title Agency [Doc. 38] is **GRANTED**;

(7)    Plaintiff **SHALL FILE** a Second Amended Complaint only as to Defendants Mindy Vasquez, Guardian Title Agency, and Nancy Sauceda that addresses the deficiencies outlined in Section III.D of the Recommendation no later than **September 18, 2025**.  **Failure to file such a Second Amended Complaint by the Court's deadline may lead to dismissal of this action without any further notice by the Court**; and

(8)    The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff:

Allison Stanton
16890 East Alameda Parkway
#473783
Aurora, CO 80017-5905


DATED:  August 28, 2025                    BY THE COURT:

                                                        Nina Y. Wang
                                                        United States District Judge