IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02280-NYW-KAS

ALLISON STANTON,

Plaintiff,

v.

NANCY SAUCEDA, Colorado Home Realty,
MINDY VASQUEZ, Guardian Title Agency, and
GUARDIAN TITLE AGENCY,

Defendants.

---

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on the following Motions:

(1) Defendants Guardian Title Agency ("Guardian") and Mindy Vasquez's **Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1)** [#146] (the "Guardian and Vasquez Motion");

(2) Defendant Nancy Sauceda's **Motion to Dismiss Plaintiff's Second Amended Complaint** [#141] (the "Sauceda Motion to Dismiss");

(3) Defendant Sauceda's **Motion for Joinder of Defendants Vasquez and Guardian Title Agency's Motion to Dismiss** [#148] (the "Sauceda Motion for Joinder re Motion to Dismiss");

(4) Plaintiff's **Request for Equitable Relief Regarding Unlawful Foreclosure of Property** [#133];

(5) Plaintiff's **Request for Judicial Notice of Uncontested Affidavit and Verified Filings** [#155];

(6) Plaintiff's **Motion for Summary Judgment Against all Defendants** [#158];

(7) Plaintiff's **Alternative Motion for Relief Pursuant to Fed. R. Civ. P. 56(d)** [#163];

(8) Plaintiff's **Motion to Set Rule 26(f) Conference and Enter Scheduling Order** [#164];

(9) Plaintiff's **Motion to Strike Improper Assertions** [#165]; and

(10) Defendant Sauceda's **Motion for Joinder in Defendants Vasquez and Guardian Title Agency's Omnibus Response in Opposition to Plaintiff's Motions and Related Filings** [#177].

Plaintiff, who proceeds in this matter as a pro se litigant,[1] filed a Response [#150] to the Guardian and Vasquez Motion [#146] as well as a combined Response [#154] to the Guardian and Vasquez Motion [#146], the Sauceda Motion to Dismiss [#141], and the Sauceda Motion for Joinder re Motion to Dismiss [#148]. Defendant Sauceda filed a Reply [#152], as did Defendants Guardian and Vasquez, *see Reply* [#153]. Each of the Motions listed above has been referred to the undersigned for a recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b)(1), and D.C.COLO.LCivR 72.1(c)(3). *Orders Referring Motions* [#134, #142, #147, #149, #157, #159, #168, #178]. The Court has reviewed the briefs, the entire case file, and the applicable law.

---

[1] The Court must construe liberally the filings of a pro se litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). In doing so, the Court should neither be the pro se litigant's advocate nor "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

Based on the following, the Court **RECOMMENDS** that the Guardian and Vasquez Motion [#146] be **GRANTED**. The Court **GRANTS** Defendant Sauceda's Motion for Joinder re Motion to Dismiss [#148]. The Court further **RECOMMENDS** that Defendant Sauceda's Motion to Dismiss [#141] be **DENIED as moot**. The Court further **RECOMMENDS** that Plaintiff's Motions [#133, #155, #158, #163, #164, #165] each be **DENIED without prejudice** and that Sauceda's Motion for Joinder [#177] be **DENIED as moot**.

## I. Background

This lawsuit was filed on August 19, 2024. *Compl.* [#1]. In her Second Amended Complaint [#140],[2] Plaintiff alleges that she has experienced "serious violations of her rights and property stemming from a fraudulent and coercive transaction orchestrated by employees and agents of Guardian" and that "[a]cting under the authority of [Guardian], agents Nancy Sauceda and Mindy Vasquez deprived Plaintiff of lawful possession of her home through misrepresentation, coercion, and unauthorized receipt of funds." *Second Am. Compl.* [#140] ¶ 1.

Plaintiff states that the District of Colorado has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and that venue is proper with the District pursuant to 28 U.S.C. §1391(b). *Second Am. Compl.* [#140] ¶ 3. She alleges that she had a possessory and equitable interest in real property secured by a mortgage, but that in August 2024, Defendant Sauceda, acting on behalf of Defendant Guardian, facilitated a transaction

[2] For the purposes of resolving the Motions to Dismiss [#141, #146], the Court accepts as true all well-pleaded, as opposed to conclusory, allegations made in Plaintiff's Second Amended Complaint [#140]. *See Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

related to the property or mortgage "wherein funds from a mortgage company were misappropriated, diverted, or improperly distributed" via wire without her consent. *Second Am. Compl.* [#140] ¶¶ 8-10. She further alleges that she "confronted" Defendant Guardian regarding this transaction, but that Defendant Vasquez "threatened to call police if Plaintiff did not immediately vacate" the property at issue, even though Plaintiff asserts that she had "committed no breach[ ]" and that accordingly, Defendant Vasquez's conduct "constituted coercion and constructive eviction." *Second Am. Compl.* [#140] ¶¶ 11-12. Plaintiff then alleges that "law enforcement arrived" and that Defendant Vasquez then "admitted that a wire transfer had been issued and claimed that the funds were unrecoverable." *Second Am. Compl.* [#140] ¶ 13. She additionally alleges that Defendant Guardian "has taken no steps to reverse the transaction or remedy the unlawful deprivation." *Second Am. Compl.* [#140] ¶ 14. Plaintiff further alleges that on August 15, 2024, she "reported the incident to the Denver Department of Public Safety." *Second Am. Compl.* [#140] ¶ 15.

Based on these allegations, Plaintiff states the following claims: fraud against all Defendants (Count 1), *Second Am. Compl.* [#140] ¶¶ 16-17; conversion against Defendants Sauceda and Guardian (Count 2), *id.* ¶¶ 18-19; civil conspiracy against Defendants Vasquez and Sauceda (Count 3), *id.* ¶¶ 20-21; constructive eviction against Defendants Guardian and Vasquez (Count 4), *id.* ¶¶ 22-23; unjust enrichment and equitable lien against Defendant Guardian (Count 5), *id.* ¶¶ 24-25; and negligent supervision and ratification against Defendant Guardian (Count 6). *Id.* ¶¶ 26-27. In potentially relevant part, Plaintiff states in bringing Count 3 that "Defendants acted in concert to achieve unlawful objectives through coordinated threats and

misappropriation[,]" *id*. ¶ 20, and states in bringing Count 4 that "Plaintiff was forced to vacate under threat of police involvement, despite having legal occupancy." *Id*. ¶ 22. Plaintiff seeks compensatory and punitive damages in an amount to be proven at trial, an order of restitution or imposition of a constructive trust or equitable lien on any misappropriated funds, such costs and fees as allowed by law, and any other relief that the Court deems just and proper. *See id.*, *Prayer for Relief*.

## II. Standard of Review

### A. Fed. R. Civ. P. 12(b)(1)

"To survive a 12(b)(1) motion to dismiss, a plaintiff must demonstrate that the court has subject-matter jurisdiction." *Audubon of Kan., Inc. v. U.S. Dep't of Interior*, 67 F.4th 1093, 1108 (10th Cir. 2023). "The party invoking federal jurisdiction has the burden to establish that it is proper, and there is a presumption against its existence." *Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014) (internal quotation marks omitted). A court may not consider cases over which it lacks subject matter jurisdiction. If a party believes that a court lacks jurisdiction to hear a case, it may move to dismiss under Rule 12(b)(1).

### B. Fed. R. Civ. P. 12(b)(6)

Rule 12(b)(6) permits dismissal of a claim where the plaintiff has "fail[ed] to state a claim upon which relief can be granted." The Rule 12(b)(6) standard tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). "A complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Santa Fe All. for Pub. Health & Safety v. City of Santa Fe*, 993 F.3d 802, 811 (10th Cir.

2021) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "When the complaint includes 'well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Carraway v. State Farm & Cas. Co.*, No. 22-1370, 2023 WL 5374393, at *4 (10th Cir. Aug. 22, 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

"A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do . . . . Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). "[D]ismissal under Rule 12(b)(6) is appropriate if the complaint alone is legally insufficient to state a claim." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104-05 (10th Cir. 2017). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial[.]" *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

**III. Analysis**

In their Motion [#146], Defendants Guardian and Vasquez argue exclusively that the Second Amended Complaint [#140] must be dismissed due to lack of subject matter jurisdiction. The Court first addresses this argument. *See Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) ("Jurisdiction is a threshold question that a federal court must address before reaching the merits . . ., even if the merits question is more easily resolved and the party prevailing on the merits would be the same as the party that would prevail if jurisdiction were denied.").

Plaintiff argues that the District of Colorado has jurisdiction pursuant to 28 U.S.C. § 1331. *See Response* [#150] at 1-2. "Jurisdiction does not arise simply because an

averment as to the existence of a constitutional question is made, if it plainly appears that the averment is not real and substantial, but is without color of merit." *Roberts v. Clark*, 615 F. Supp. 1554, 1556 (D. Colo. 1985). "When jurisdiction under 28 U.S.C. § 1331 is challenged, the issue must be determined by considering the allegations of the complaint. If the allegations disclose a real, substantial federal question, there is jurisdiction." *Id.*

Although Plaintiff refers to 28 U.S.C. § 1331 as the source of this District's jurisdiction, *see Second Am. Compl.* [#140] ¶ 3, the Court notes that each cause of action—fraud under Count 1, conversion under Count 2, civil conspiracy under Count 3, constructive eviction under Count 4, unjust enrichment and equitable lien under Count 5, and negligent supervision and ratification under Count 6—cites no source of federal authority and is not inherently a federal claim. Therefore, the Second Amended Complaint [#140] lacks an obvious source of federal question jurisdiction.

Plaintiff argues that she nonetheless alleges factual bases for federal jurisdiction by referring to violations of her constitutional rights. Specifically, Plaintiff claims to allege a deprivation "of her protected interest in property through coercive acts under the color of state authority" because Defendant Vasquez threatened to call the police unless she vacated her residence, involved law enforcement, and wired funds related to Plaintiff's property to Defendant Sauceda. *Response* [#150] at 2. Plaintiff alleges that these allegations implicate the Fifth and Fourteenth Amendments by invoking "[d]eprivation of property without due process of law," as well as "[c]onspiracy between private actors and state agents" and "[t]hreatened misuse of state police power to effectuate an unlawful taking." *Id.*

The Court first addresses whether Plaintiff has sufficiently alleged a due process claim and finds that, even under a liberal construction, the answer is no. Defendants are all private actors. The Due Process Clause is a limitation on state power; it is not a limitation on private actors. *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989) (stating, "nothing in the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors. The Clause is phrased as a limitation on the State's power to act[.]").

Plaintiff alleges no act or omission by the State that might support a due process claim. She does not allege that any defendant acted "under color of any statute, ordinance, regulation, custom, or usage, of any State" in order to deprive her of any of her rights. 42 U.S.C. § 1983. In her Response [#150], Plaintiff obliquely refers to a "[c]onspiracy between private actors and state agents" and vaguely mentions law enforcement's involvement in Defendant Vasquez's attempts to evict Plaintiff, and she alleges no specific wrongdoing by law enforcement or any other State entity. Moreover, no law enforcement or other governmental official is a defendant. The Second Amended Complaint [#140] merely reflects that law enforcement responded to a call by either Plaintiff or Defendant Vasquez to the property at issue and that Plaintiff reported the incident to the Denver Department of Public Safety. *Second Am. Compl.* [#140] ¶¶ 11, 13, 15. At no point does Plaintiff suggest that the State was somehow involved in violating her due process rights, nor does she allege that her due process rights were violated at all.

Plaintiff has also failed to allege a civil conspiracy claim under 42 U.S.C. § 1983. To state an actionable civil conspiracy claim, a plaintiff must plausibly allege "not only a

conspiracy, but also an actual deprivation of rights; pleading . . . one without the other will be insufficient." *Shimomura v. Carlson*, 17 F. Supp. 3d 120, 1129 (D. Colo. 2014). Thus, Plaintiff's failure to allege an actional due process claim is fatal to her civil conspiracy claim.

In another attempt to save her case from dismissal for lack of federal question jurisdiction, Plaintiff argues that her Complaint contains allegations regarding "[t]hreatened misuse of state police power to effectuate an unlawful taking." *Response* [#150] at 2. The Fifth Amendment Takings Clause prohibits the taking of private property "for public use, without just compensation." U.S. CONST. amend. V. The Fourteenth Amendment "incorporates the Takings Clause against the States." *Sheetz v. County of El Dorado*, 601 U.S. 267, 276 (2024). In reality, the Second Amended Complaint [#140] contains no allegations—even under a liberal construction—that any state actor threatened misuse of power, that any state actor engaged in an unlawful taking, or that her property was taken for a public use. For these reasons, the Court concludes that Plaintiff has failed to plausibly state a claim that implicates federal question jurisdiction.

In a final attempt to save her case from dismissal, Plaintiff argues that this Court has "supplemental jurisdiction" pursuant to 28 U.S.C. § 1367. *Response* [#150] at 2. "Because a court must have original jurisdiction to exercise supplemental jurisdiction, dismissal for lack of jurisdiction 'precludes a district court from exercising supplemental jurisdiction over related state claims.'" *Blagg v. Tech. Grp., Inc.*, 303 F. Supp. 2d 1181, 1187 (D. Colo. 2004) (quoting *Nowak v. Ironworkers Local 6 Pension Fund,* 81 F.3d 1182, 1188 (2d Cir. 1996)). Because Plaintiff has not asserted a claim over which this Court

enjoys original jurisdiction, the Court may not exercise supplemental jurisdiction over any of Plaintiff's state law claims.

The Court therefore **recommends** granting Defendants Guardian and Vasquez's Motion [#146] and dismissing without prejudice Plaintiff's claims for lack of jurisdiction. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims."). Relatedly, the Court **grants** Defendant Sauceda's Motion for Joinder re Motion to Dismiss [#148], which seeks to join in the Motion [#146]. The Court further **recommends** denying Defendant Sauceda's Motion to Dismiss [#141] as moot.

Because the Court recommends dismissal for lack of jurisdiction, the Court further **recommends** that all other pending motions in this action be denied without prejudice due to lack of subject matter jurisdiction.

## IV. Conclusion

Based on the foregoing,

IT IS HEREBY **RECOMMENDED** that the Guardian and Vasquez Motion [#146] be **GRANTED** and that Plaintiff's claims be **DISMISSED without prejudice** as to **all** Defendants based on lack of subject matter jurisdiction.

IT IS FURTHER **ORDERED** that the Sauceda Motion for Joinder re Motion to Dismiss [#148] is **GRANTED**.

IT IS FURTHER **RECOMMENDED** that the Sauceda Motion to Dismiss [#141] be **DENIED as moot**.

IT IS FURTHER **RECOMMENDED** that Plaintiff's Motions [#133, #155, #158, #163, #164, #165] each be **DENIED without prejudice**.

IT IS FURTHER **RECOMMENDED** that Sauceda's Motion for Joinder [#177] be **DENIED as moot**.

IT IS FURTHER **ORDERED** that any party may file objections **within 14 days** of service of this Recommendation. In relevant part, Fed. R. Civ. P. 72(b)(2) provides that, "within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Id.* "[A] party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated: July 24, 2026

BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge