**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Civil Action No. 24-cv-02280-NYW-KAS

ALLISON STANTON,

Plaintiff,

v.

NANCY SAUCEDA,
MINDY VASQUEZ, and
GUARDIAN TITLE AGENCY,

Defendants.

---

## ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION

---

This matter is before the Court on the Order and Recommendation of United States Magistrate Judge issued by the Honorable Kathryn A. Starnella on July 24, 2026. [Doc. 179]. Judge Starnella recommended that the Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) [Doc. 146] be granted and that Plaintiff's claims be dismissed without prejudice as to all Defendants based on lack of subject matter jurisdiction. [Doc. 179 at 10]. Judge Starnella also ordered that Defendant Nancy Sauceda's Joinder of Defendant Mindy Vasquez and Guardian Title Agency's Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) [Doc. 148] be granted. [*Id.* at 10]. Finally, because of the determination that the Court lacks subject matter jurisdiction over this action, Judge Starnella recommended that all other pending motions in this action be denied without prejudice. [*Id.* at 10].

The Recommendation states that objections to the Recommendation must be filed

within fourteen days after its service on the Parties. [*Id*. at 11]; *see also* 28 U.S.C. § 636(b)(1)(C). The Recommendation was served on July 24, 2026. *See* [Doc. 179]. No Party has objected to the Recommendation, and the time to do so has elapsed.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a [magistrate judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In this matter, the Court has reviewed the Recommendation to satisfy itself that there is "no clear error on the face of the record."[1] Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. Based on this review, the Court has concluded that the Recommendation is thorough, well-reasoned, and a correct application of the facts and the law.

Accordingly, it is **ORDERED** that:

(1) The Order and Recommendation of United States Magistrate Judge [Doc. 179] is **ADOPTED**;

(2) The Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) [Doc. 146] is **GRANTED**;

(3) Plaintiff's claims are **DISMISSED without prejudice** as to all Defendants for lack of subject matter jurisdiction;

(4) All remaining pending motions [Doc. 133; Doc. 141; Doc. 155; Doc. 158;

---

[1] This standard of review is something less than a "clearly erroneous or . . . contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).

Doc. 163; Doc. 164; Doc. 165; Doc. 177] are **DENIED as moot**;

(5) The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendants and **TERMINATE** this case; and

(6) Defendants are awarded their costs pursuant to D.C.COLO.LCivR 54.1.

DATED: August 17, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge